**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                          Criminal No. 10-cr-071-01-JD

Christopher Hildreth

**ORDER OF DETENTION PENDING TRIAL**

     In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on June 23, 2010, for the purpose of determining whether to detain defendant, Christopher Hildreth, who has been indicted on two counts of Bank Robbery and two count of Conspiracy to Commit Bank Robbery in violation of 18 §§ 371, 2113(a)

     When making a determination regarding detention under 18 U.S.C. § 3142(b), a court must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  See 18 U.S.C. § 3142(c).

     Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt;

(3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); see also United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. See 18 U.S.C. § 3142(f)(2).

In the case at hand, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with

regard to risk of flight and danger to the community. In so finding, I rely on the following factors: (a) the nature of the charge involves crimes of violence; (b) the weight of the evidence against the defendant is strong; (c) the defendant is young and has a significant and unaddressed substance abuse problem; (d) the defendant has had several prior opportunities with drug treatment programs but continues to abuse drugs; and (e) the defendant's drug problem is so severe that his desire to obtain drugs caused him to engage in the crimes charged.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community. Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a risk of flight and danger to the community. Accordingly, I order the defendant be detained pending trial. I renew my recommendations that the defendant be placed into the T.C. Program at the Strafford County House of Corrections.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

                                            /s/ Landy B. McCafferty
                                            Landya B. McCafferty
                                            United States Magistrate Judge

Date: June 24, 2010

cc: Donald A. Feith, Esq.
     Charles J. Keefe, Esq.
     U.S. Marshal
     U.S. Probation